IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            Case No. 3:13-CR-30036-NJR

TRAVIS L. WILSON,

      Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Travis L. Wilson (Doc. 79). Wilson is serving a 180-month sentence for possession with intent to distribute methamphetamine, a charge for which he entered a guilty plea with a written plea agreement (Docs. 43, 55).

Wilson asks the Court to grant his request for compassionate release because he suffers from congestive heart failure, hypertension, high blood pressure, high cholesterol, sleep apnea, depression, and obesity—conditions which place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 79, p. 1-2).

### LEGAL STANDARD

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Wilson

exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, a district court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that

district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, 458 F.Supp.3d 838, 845 (M.D. Tenn. Mar. 4, 2020).

## DISCUSSION

### A. Plea Agreement Waiver

Before reaching the merits of Wilson's motion, the Court must first determine whether he waived the ability to bring his motion by the terms of his plea agreement. Wilson's plea agreement states:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28**, or under any other provision of federal law . . . .

(Doc. 43, p. 7) (emphasis added). The Government argues that these provisions foreclose Wilson from seeking relief under 18 U.S.C. § 3582.

In support of its argument, the Government cites to *United States v. Soto-Ozuna*, an unpublished case in which the Seventh Circuit found the defendant waived his right to move under § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing Guidelines when he agreed not to "seek to modify his sentence . . . in any type of proceeding." *United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017). The Court noted that it will "enforce appellate waivers in plea agreements if the terms of the waiver are express and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *Id.* (citing *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011)). Because there was no indication the defendant's waiver was not knowing and voluntary, the Court upheld the waiver and affirmed the district court's denial of defendant's motion. *Id.*

The cases relying on *Soto-Ozuna* to deny compassionate release motions based on a plea waiver all share one common fact. The defendants signed their plea waivers *after* the enactment of the First Step Act. *See, e.g.*, *United States v. Egebrecht*, 2020 WL 3510775, at *2-3 (S.D. Ind. June 29, 2020) (defendant signed plea waiver in April of 2019); *United States v. Harris-Harden*, 2020 WL 5653404, at *2 (S.D. Ind. Sept. 22, 2020) (defendant signed plea waiver in April of 2019); *United States v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020) (defendant "signed his plea waiver on December 26, 2018—several days after the First Step Act was enacted"); *United States v. Cunningham*, No. 3:19-CR-30035-NJR-3, 2021 WL 1561497, at *2 (S.D. Ill. Apr. 21, 2021 (acknowledging that "[s]imilar to the defendants who signed their plea waivers after the enactment of the First Step Act, [defendant] signed his plea waiver in May of 2019").

Here, Wilson's plea agreement, which does not include an express provision barring the filing of § 3582(c)(2) motions, was made *before* the enactment of the First Step Act. *Soto-Ozuna* is also distinguishable from the instant case. In *Soto-Ozuna*, the defendant waived his right to seek to "modify" his sentence. Here, Wilson's waived his right to "contest any aspect of the conviction and sentence that could be contested under Title 18 or Title 28." A motion for compassionate release does not "contest" a sentence as it was imposed, but rather argues the enumerated or extraordinary factors now warrant a revisiting and modification of that sentence. *E.g.*, *United States v. Monroe*, 580 F.3d 552, 557–58 (7th Cir. 2009) (noting that § 3582(c) is "fundamentally different" from an appeal or collateral attack as it does not seek to "impugn" district court's sentence). As such, the waiver in Wilson's Sentencing Agreement does not appear to foresee a waiver of a motion under 18 U.S.C. § 3582(c). The Government notes that Wilson's Sentencing Agreement does explicitly note certain exceptions to his "waiver of his right to appeal or bring collateral challenges[,]" and argues that the failure to list § 3582(c) among this exceptions should be read as an indication that his rights under that section were waived, per the canon of *expressio unius est exclusion alterius*. (Doc. 84, p. 5). Because a motion under § 3582(c) does not amount to an appeal or collateral challenge, however, an exception to such a waiver would be unnecessary, and the failure to list § 3582(c) among the listed exceptions does not indicate waiver. Accordingly, the Court finds that Wilson did not waive his right to bring a motion for compassionate release under 18 U.S.C. § 3582(c).

Wilson's waiver is also different than the waiver in *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021). The defendant in *Bridgewater* waived "*the right to seek modification*

*of or contest any aspect of the conviction or sentence in any type of proceeding . . . ." Id.* at 593.

Accordingly, the Court held the defendant had waived the right to seek modification of

any aspect of his sentence, and compassionate release under 18 U.S.C. § 3582(C)(1)(A) is

"clearly a form of sentence modification." *Id.* at 595. Furthermore, the defendant waived

his right to seek modification of his sentence in 2019, *after* the First Step gave inmates the

right to seek modification without the support of the Bureau of Prisons. *Id.* "In other

words, this type of modification proceeding was known and available when Bridgewater

agreed not to use it." *Id.* The Court also distinguished *Bridgewater* from *United States v.*

*Glasper*, 2020 WL 6363703 (S.D. Ill. Oct. 29, 2020), "where the district court found that an

appellate waiver did not foreclose the right to seek compassionate release because it was

entered into *before* the First Step Act was enacted." *Id.*[1]

The Court finds that Wilson could not have knowingly waived his ability to bring

a claim under the First Step Act, as that avenue to relief did not yet exist. *See United States*

*v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) ("Waiver is the relinquishment of a

known right. The First Step Act amended Section 3582 and was passed after his sentence,

so he could not have waived the rights it contains."); *United States v. Ellerby*, 2020 WL

2395619, at *2 (D. Md. May 12, 2020) (because defendant pleaded guilty in 2016, and

"mindful that a waiver agreement 'should be interpreted narrowly against the

government,' " defendant did not waive his right to bring a motion under the First Step

Act); *United States v. Burrill*, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (defendant's

---

[1] Wilson's waiver is similar to the defendant's waiver in *Glasper*. The defendant in *Glasper* waived the "right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law . . . ." *Id.* at *2.

December 2017 plea agreement could not encompass the relief he sought under the First Step Act, "as he could not have knowingly waived rights that were not in existence, or even contemplated, at the time of his plea.").

Furthermore, as noted by the Northern District of California, "Congress did not intend for federal prosecutors to have the final say on a defendant's request for compassionate release." *United States v. Sembrano*, 2020 WL 3161003, at *3 (N.D. Cal. May 28, 2020). Rather, "when it passed the First Step Act, Congress made courts rather than executive agencies the final arbiters of compassionate release motions." *Id.* While prosecutors participate in the process of evaluating those motions, they are not the final decisionmakers. *Id.* "It is unacceptable for the United States Attorneys' Office to use its favorable position at the plea bargaining table to abrogate a role Congress designated for the courts." *Id.*

For these reasons, the Court finds that Wilson's plea agreement was not a knowing and voluntary waiver of his right to seek a sentence reduction under the compassionate release provision of the First Step Act. Thus, he is not foreclosed from bringing his motion in this Court.

### B.  Consideration of Wilson's Motion

For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2). While Wilson does suffer from many chronic health conditions,

there is no evidence that he cannot provide self-care nor that his conditions have not been adequately managed by the Bureau of Prisons.

Further, the Court acknowledges the seriousness of the COVID-19 pandemic, however, it does "not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). Especially here, Wilson has received both doses of the Moderna COVID-19 vaccine which greatly reduce his chances of becoming seriously ill with the virus (Doc. 84, p. 17).

Even if the Court were to find that Wilson's medical conditions constituted extraordinary and compelling reasons for release, the § 3553(a) sentencing factors and the required finding that the defendant is not a danger to the safety of another person or the community demand that this Court deny Wilson's motion. Wilson's criminal history began at the age of thirteen and includes burglary, aggravated assault, aggravated criminal sexual assault, domestic battery on numerous occasions, and possession with intent to distribute methamphetamine (Doc. 84, p. 18-20). In fact, in June 2017, Wilson assaulted another inmate (Doc. 84-4). In January 2018, Wilson fought another inmate (*Id*.). Releasing Wilson now, more than 6 years prior to his projected release date,[2] would fail to provide just punishment for offense, promote respect for the law, or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

---

[2] Wilson is projected to be released on August 2, 2027. *See* https://www.bop.gov/inmateloc/ (last visited May 27, 2021).

For these reasons, the Motion for Compassionate Release filed by Defendant Travis L. Wilson (Doc. 79) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 1, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**